709 A.2d 871

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael BARDO, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 25, 1995.

Decided Feb. 27, 1998.

Reargument Denied May 13, 1998.

Al Flora, Jr., Wilkes Barre, for Michael Bardo.

Peter Paul Olszewski, Scott Gartley, Wilkes Barre, for Com.

Robert A. Graci, Harrisburg, for Attorney General's Office.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

*OPINION OF THE COURT*

FLAHERTY, Chief Justice.

Appellant Michael J. Bardo was charged with criminal homicide and two counts of aggravated indecent assault. He was tried by jury in the Luzerne County Court of Common Pleas–Criminal Division. At trial, the evidence established that appellant sexually molested his three year old niece, Joelle Donovan, by putting his finger in her vagina and causing it to tear. While molesting her, he strangled her to death. He then put her body in a garbage bag and threw it over a bridge into Soloman's Creek, where it was discovered by a volunteer who was searching for the missing child.

On January 27, 1993 the jury returned a verdict of guilty on the charges of first degree murder [1] and two counts of aggra-

1. 18 Pa.C.S. § 2502 provides:

vated indecent assault.[2] The next day, they sentenced appellant to death. This direct appeal followed.

Appellant's first claim is that it was error to admit appellant's confession that he sexually molested the victim prior to introducing independent evidence to prove the corpus delicti of aggravated indecent assault. In *Commonwealth v. Boykin*, 450 Pa. 25, 298 A.2d 258, 261 (1972), this court stated:

> "The corpus delicti, like other facts, may be shown by circumstantial evidence; it is sufficient if these circumstances are consistent with crime even though they are also consistent with suicide or accident; if it were otherwise it would be impossible in many cases, where there were no eye witnesses, to convict a criminal. . . ."

Citing *Commonwealth v. Gockley*, 411 Pa. 437, 192 A.2d 693, 702 (1963).

**(a) Murder of the first degree.** A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

\* \* \*

**(d) Definitions.** As used in this section the following words and phrases shall have the meanings given to them in this subsection:

\* \* \*

**"Intentional killing."** Killing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing. **"Perpetration of a felony."** The act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping.

2. 18 Pa.C.S. § 3125, as it was written at the time of this case, provided:
**Aggravated indecent assault**
Except as provided in sections 3121 (relating to rape), 3122 (relating to statutory rape) and 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when he engages in penetration, however slight, of the genitals or anus of another with a part of the actor's body for any purpose other than good faith medical, hygienic or law enforcement procedures if:

\* \* \*

(6) he is over 18 years of age and the other person is under 14 years of age.
This section was amended by Act of March 31, 1995, P.L. 985, No. 10 (Spec.Sess. No. 1), § 9, 18 Pa.C.S. § 3126.

Subsequently, this court clarified the *Boykin* rule to require that although the independent evidence of crime may be consistent with suicide or accident, the level of consistency required is that "the evidence be *more* consistent with a crime than with an accident." *Commonwealth v. McMullen,* 545 Pa. 361, 681 A.2d 717 (1996).

Here, the Commonwealth introduced evidence that the child's dead body was found in a plastic garbage bag in a creek not far from the house where she was staying. It is fair to conclude, therefore, that the Commonwealth introduced circumstantial evidence from which it was reasonable to conclude that the child was murdered.

Appellant argues, however, that although his confession admits both to the killing of the child and to sexual assault of the child, the Commonwealth introduced no evidence of sexual assault prior to introducing the confession, and the confession is not, therefore, admissible because the corpus delicti of aggravated indecent assault was not established. This claim is also without merit. As this court has stated:

An exception to the corpus delicti rule known as the closely related crime exception was specifically approved of by this Court in *McMullen,* at 372, 681 A.2d at 723. This exception comes into play where an accused is charged with more than one crime, and the accused makes a statement related to all the crimes charged, but the prosecution is only able to establish the corpus delicti of one of the crimes charged. Under those circumstances where the relationship between the crimes is sufficiently close so that the introduction of the statement will not violate the purpose underlying the corpus delicti rule, the statement of the accused will be admissible as to all the crimes charged. *Id.*

*Commonwealth v. Verticelli,* —— Pa. ——, 706 A.2d 820 (1998).

Here, appellant's confession related to two crimes and the Commonwealth's evidence established the corpus delicti of only one crime, murder. Pursuant to the rule of *Verticelli* the confession is admissible as to both crimes, for the relationship

148

between the two crimes is close and the policy underlying the corpus delicti rule has not been violated.[3]

Next, appellant asserts that the Commonwealth did not sustain its burden of proving that the killing was in the perpetration of a felony. The jury imposed the death penalty after finding two aggravating circumstances, a killing in the perpetration of a felony and killing of a person under the age of twelve. 42 Pa.C.S. §§ 9711(d)(6), (16). Since, according to appellant, the Commonwealth did not establish the corpus delicti of aggravated indecent assault, it did not sustain its burden that the killing occurred in the course of a felony.

The claim is without merit. As stated earlier, the confession was properly admitted into evidence and the confession was itself sufficient evidence that the killing was perpetrated in the course of a felony.

Next, appellant claims that the trial court erred in its instruction to the jury on the corpus delicti rule as applied to aggravated indecent assault. The essence of this claim is that it was error for the trial court not to instruct the jury that before it could consider evidence of appellant's confession, the Commonwealth must have established beyond a reasonable doubt that the victim was alive when the appellant penetrated her genital organ with his finger. The claim is meritless. As earlier discussed, the confession was properly admitted under the rule of *DiSabatino* that "where independent evidence establishes the corpus delicti of only one ... crime, the confession may be admissible as evidence of the commission of the other crime." Here, the confession established that the victim was alive when the penetration occurred. The court

---

3. The policy underlying the corpus delicti rule is to prevent the admission of a confession where no crime has been committed:

 The grounds on which the [corpus delicti] rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed....

 *Commonwealth v. Turza,* 340 Pa. 128, 16 A.2d 401, 404 (1940). Based on the Commonwealth's evidence that the dead body of the child was discovered in a plastic bag in a creek, there can be no rational doubt that a crime has been committed.

did not err, therefore, in failing to instruct the jury that the confession could not be considered unless the Commonwealth had established that the victim was alive at the time of the sexual assault, for the confession was admissible and established that the victim was alive.

■ Next, appellant contends that it was error for the trial court to deny appellant's request for an investigator. Further, he asserts that in a capital proceeding, due process requires the appointment of an investigator to assist counsel, citing *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). Nonetheless, appellant acknowledges that "traditionally" the appointment of an investigator has been a matter vested in the discretion of the court.

The claim is without merit. First, *Ake v. Oklahoma,* supra, concerns court-appointed psychiatrists, not investigators, and it has no application to this issue. Second, as the trial court observed, appellant was represented by two lawyers at trial. Third, the investigator, although not appointed by the court, was permitted to give his pro bono assistance to the appellant. And finally, appellant does not explain what the investigator would have done differently if he had been appointed by the court.

■ Next, appellant asserts that the trial court erred in refusing the appellant's proposed mercy instruction. Moreover, the appellant asserts that failure to mention in the jury charge that sympathy or mercy are relevant to the jury's determination is itself a fatal error. Additionally, this error was compounded, according to appellant, by the prosecutor's closing comments, which denigrated the appellant's evidence which may have engendered sympathy and mercy. The prosecutor allegedly ridiculed the appellant's pleas for mercy and argued: "Does the fact that he [appellant] sat right over here, took this seat and said please save my life, don't kill me, does that mitigate.... This case is not to be tried on sympathy."

■ As to the last argument, it appears that appellant has confused the prosecutorial and defense functions. The prosecutor has no duty to praise the appellant's evidence. In

150

"denigrating" appellant's plea for mercy, in pointing out that the case was not about sympathy, the prosecutor was only stating the Commonwealth's view of the case. As we stated in *Commonwealth v. Hardcastle:*

to constitute reversible error, the language must be such that its unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility towards the defendant, so that they could not weigh the evidence and render a true verdict.

519 Pa. 236, 546 A.2d 1101, 1109 (1988). Here, the prosecutor's comments were no more than his view of the legal significance of appellant's plea for mercy, and as such, could not have the effect of forming a fixed bias or hostility toward the appellant.

The claim that the court was required to give an instruction on mercy is meritless. *Commonwealth v. Zook,* 532 Pa. 79, 615 A.2d 1 (1992), which is cited in support of this alleged requirement, instead only addresses the instruction that was given in that case. As we said in *Zook:*

The Pennsylvania death penalty statute does not permit a jury to avoid imposition of a death sentence through the exercise of an unbridled discretion to grant mercy or leniency. However, the statute does permit a defendant to introduce a broad range of mitigating evidence that can support the finding of one or more mitigating circumstances which may outweigh the aggravating circumstance(s) found by the jury.

615 A.2d at 14. Further, the statute provides that if the jury finds that the aggravating circumstance(s) do not outweigh the mitigating circumstance(s), it *must* impose a life sentence. 42 Pa.C.S. § 9711(c)(1)(iv). The jury was properly and fully instructed on this point and there was no error in failing to give the specific instruction proposed by appellant on mercy or sympathy verdicts.

Next, appellant argues that it was error to refuse to allow the testimony of David Whittney as mitigating evidence in the sentencing phase of the trial. Whittney would have

testified that he was appellant's friend and neighbor, he visited appellant in prison and would continue visiting him, and that appellant had enriched Whittney's life through their conversations. N.T. 744.

This court has held that a defendant may avoid the imposition of the death penalty by offering evidence of mitigating circumstances concerning his character, record and the circumstances of the offense. *Commonwealth v. Blystone,* 519 Pa. 450, 549 A.2d 81 (1988). Moreover, the Sentencing Code provides that a defendant may introduce "any other evidence of mitigation concerning the character and record of the defendant and the circumstances of his offense." 42 Pa.C.S. § 9711(e)(8). Thus, in *Commonwealth v. Holcomb,* this court stated that "the defense has an opportunity to present evidence beyond the mitigating factors expressly set out in the statute. The only limitation is that of general relevancy." 508 Pa. 425, 498 A.2d 833, 857 (1985).

In *Commonwealth v. Henry,* 524 Pa. 135, 569 A.2d 929 (1990) this court held that it was not error to exclude the testimony of a professor and director of religious activities that if appellant were to spend his life in prison, he might serve as an academic tutor or as a spiritual contributor. These opinions were properly excluded because they were speculative and would not constitute evidence of the appellant's character or record or the circumstances of his offense.

In this case, Whittney's testimony also is speculative. Further, such testimony has no relevance to the circumstances of the offense or appellant's record. It was not error to exclude the Whittney testimony.

 Next, appellant contends that the evidence was insufficient to sustain a conviction of first degree murder. At trial, the Commonwealth established that on September 3, 1992, appellant sexually molested his three year old niece. While molesting the child, he intentionally strangled her for a period of four to five minutes. N.T. 383–90. Following this, the appellant deposited the child's body in a garbage bag and placed the bag in a creek.

■ In reviewing the sufficiency of the evidence, we must consider all of the evidence and the reasonable inferences from the evidence in the light most favorable to the Commonwealth as the verdict winner and we must determine whether the evidence was sufficient to allow the fact finder to conclude that all of the elements of the offense were established beyond a reasonable doubt. *Commonwealth v. Burgos*, 530 Pa. 473, 610 A.2d 11 (1992).

Criminal homicide constitutes first degree murder when it is committed by an intentional killing. 18 Pa.C.S. § 2502(a). An intentional killing is a "willful, deliberate, and premeditated killing." 18 Pa.C.S. § 2502(d). In *Commonwealth v. Harvey*, this court stated: "[I]f a deadly force is knowingly applied by the actor to the person of another, the intent to take life is as evident as if the actor stated the intent to kill at the time the force was applied." 514 Pa. 531, 526 A.2d 330, 334 (1987). Here, the evidence established that appellant knowingly applied a deadly force to the victim. The Commonwealth's forensic pathology expert testified that death was due to asphyxia resulting from a deliberate, forceful compression of the neck lasting four to five minutes, and that the pressure continued even after the victim lost consciousness. N.T. 372–90. This evidence, coupled with appellant's confession, is sufficient to establish that the killing was intentional. The claim that the evidence is insufficient, therefore, is without merit.

■ Next, appellant asserts that it was error not to grant a mistrial after the prosecutor asked a police witness whether, in his experience, suspects in homicide cases tend to minimize their involvement. Defense counsel's objection was sustained, his motion for a mistrial was denied, and the jury was instructed to disregard the question. Appellant's complaint is that the police witness was asked to express his opinion on the credibility of the appellant's case, and whether the case is credible is a matter for the jury. Further, appellant alleges that since evidence of the guilt phase was introduced in the sentencing hearing, his plea for mercy or sympathy was improperly attacked.

In *Commonwealth v. Hardcastle*, 519 Pa. 236, 546 A.2d 1101, 1109 (1988), this court stated:

> A new trial is not mandated every time a prosecutor makes an intemperate or improper remark. To constitute reversible error, the language must be such that its unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility towards the defendant, so that they could not weigh the evidence and render a true verdict.

The remark at issue here could not have had such an effect on the jury, and it was not error to deny the motion for mistrial.

■ Appellant next contends that it was error to preclude his testimony about what his brothers and sisters told him about his father. The purpose of this testimony would have been to establish his state of mind. Although the appellant does not explain what this state of mind was or how it was allegedly related to his criminal acts, both appellant and his mother testified that his father was an alcoholic who tried to commit suicide on one occasion. N.T. 756–76.

■ There is no error. Although testimony by appellant's brothers and sisters was not allowed, appellant himself testified as to his image of his father as an alcoholic who attempted suicide. This appears to establish appellant's state of mind, at least with respect to his idea of his father, but if it did not, appellant could have been asked simply how his state of mind was affected by his image of his father. The trial court was understandably reluctant to engage in protracted questioning about what other persons told the appellant, particularly when appellant himself was able to testify about his own state of mind. The admission of evidence is committed to the sound discretion of the trial court and an appellate court may reverse only upon a showing that the trial court clearly abused its discretion. *Commonwealth v. Allison*, —— Pa. ——, 703 A.2d 16 (1997). We perceive no abuse of discretion here.

■ Next, appellant asserts that it was error to allow the expert testimony of a forensic pathologist that a three year old child who sustained a tear in her vagina would cry out or make sounds and move about. This testimony was allegedly

improper because it was not relevant to establish penetration and because the Commonwealth had not established that the child was alive when the penetration occurred.

The assertion of error is without merit. "[E]xpert opinion testimony is proper only where formation of an opinion on a subject requires knowledge, information or skill beyond what is possessed by the ordinary juror." *Commonwealth v. Seese*, 512 Pa. 439, 517 A.2d 920, 921 (1986). The decision of whether expert testimony is to be admitted lies within the sound discretion of the trial court, and this decision will not be reversed absent a clear abuse of discretion. *Commonwealth v. Harris*, —— Pa. ——, 703 A.2d 441 (1997). The expert testimony in this case described the reaction of the victim to a vaginal tear. This information was beyond the knowledge of the average layman and, when combined with expert testimony on the reaction of the victim to manual strangulation, N.T. 370–90, the testimony was relevant to establish that the strangulation was intentional and not inadvertent, as claimed by the appellant. The trial court did not abuse its discretion in allowing this expert testimony.

Next, appellant contends that the Pennsylvania sentencing scheme in capital cases violates due process in that there is no procedure which allows him to be heard on the issue of proportionality, there is no procedure for fact finding, there is no forum where he can challenge the underlying data, and there are no standards to be used in conducting a proportionality review.

In *Commonwealth v. Zook*, 532 Pa. 79, 615 A.2d 1, 18 (1992) this court held that proportionality review procedures were constitutional. Specifically, we held that the defendant was not excluded from participation in the review of the proportionality of the sentence and that the absence of a statutory definition of "similar cases" is not constitutionally infirm in view of our independent review of whether the sentence is excessive or disproportionate to that imposed in similar cases.

Most recently, in *Commonwealth v. Gribble*, —— Pa. ——, 703 A.2d 426 (1997), we held that this court's procedure in

reviewing the proportionality of death penalty sentences is neither arbitrary nor capricious and meets the requirements of due process. Accordingly, appellant's claim that the proportionality review process is constitutionally infirm is without merit.

Finally, appellant asserts that the death penalty statute is unconstitutional in listing as aggravating factors "killing while in the perpetration of a felony," 42 Pa.C.S. § 9711(d)(6), and "killing of a victim who is a child under the age of 12," 42 Pa.C.S. § 9711(d)(16). In particular, appellant claims that because the statute does not define whether the killing must be with specific intent or without, it is not narrowly drawn and is unconstitutionally vague. Additionally, the word "felony" is not defined to include only those felonies which pose such danger that society would be justified in imposing a sentence of death. Finally, appellant contends that the aggravating circumstance that the victim is a child under the age of twelve is not sufficiently narrow.

In *Commonwealth v. Zook* this court summarily rejected the claim that the aggravating circumstance of killing while in the perpetration of a felony is unconstitutionally vague and arbitrary in that it fails to establish which felonies are included. 615 A.2d at 17. Appellant's first claim, therefore, is meritless. As to the assertion that the statute is defective because it does not define whether the killing must be with specific intent, that claim is also meritless, for the death penalty statute does not apply to any case in which the killing is without specific intent. In order for the jury to even consider the case under the death penalty statute, they must have already made a finding in the guilt phase that the killing was committed with specific intent. Since specific intent is a fact in the case by definition, the omission of a specific intent requirement in the sentencing statute is of no legal consequence.

Concerning the claim that the aggravating circumstance of the victim being under twelve years of age is not sufficiently narrow, appellant cites no legal authority that such

a consideration is not narrowly drawn, nor is it likely that such legal authority exists, for such a provision is abundantly clear and merely reflects the legislative judgment that killing a person under the age of twelve is a particularly heinous crime. If anything, such a requirement is a model of clarity.

Finally, pursuant to 42 Pa.C.S. § 9711(h), we must review the sentence of death to determine whether it was the product of passion, prejudice or any other arbitrary factor; whether the evidence fails to support the finding of at least one aggravating circumstance; and whether the sentence is excessive or disproportionate to the penalty imposed in similar cases. Our review of the record indicates that the sentence was not the product of any improper factor and that the evidence supports the finding of both aggravating circumstances as found by the jury. Finally, a review of our data indicates that the sentence was not disproportionate to the sentences imposed in other similar cases.

The sentence of death is, therefore, affirmed.[4]

NIX, former C.J., and MONTEMURO, former J., who was sitting by designation, did not participate in the decision of this case.

---

4. The prothonotary of the Supreme Court of Pennsylvania is directed to transmit, within ninety days, the full and complete record of the trial, sentencing hearing, imposition of sentence and review by this court to the Governor and to the Secretary of Corrections, pursuant to 42 Pa.C.S. § 9711(i).