**Commonwealth v. Blair**

*Kristin Scipione,* for Commonwealth.
*Joseph L. Amendola,* for defendant.

GRINE, *J.,* July 20, 2010—Presently before the court is an omnibus pretrial motion brought by Brandon M. Blair (defendant). On or about September 7, 2009, defendant was charged with one count of sexual assault (18 Pa.C.S. §3124.1) two counts of aggravated indecent assault (18 Pa.C.S. §3125(a)(1) and two counts of indecent assault (18 Pa.C.S. §3126(a)(1). The charges stem from alleged conduct which occurred on September 7, 2009 in Centre Hall, Centre County, Pennsylvania. Defendant filed a motion in limine asking the court to quash Count 3 and Count 5 of the information. Additionally defendant seeks to introduce evidence of the victim's prior sexual conduct.

## FINDINGS OF FACT

(1) The complainant in this shall be referred to as "Victim"

(2) Victim claims that she had know Brandon Blair (defendant) for approximately a year.

(3) Victim testified at the preliminary hearing in this matter which was held on September 16, 2009.

(4) Victim testified that she knew defendant through her boyfriend, Coty Johnson.

(5) Victim testified that she worked on September 6, 2009, until about 7 p.m. and then went home before she went out with Coty, defendant, and several other friends.

(6) Victim and her friends, including Coty and defendant, went to Cato to ride four-wheelers and trucks.

(7) The group had pizza at Coty's residence and left for Cato around 9 p.m.

(8) Victim was drinking on the night of September 6, 2009. She estimated that she had two beers and five Mike's Hard Lemonades over a period of at least four hours.

(9) Victim estimated that she, Coty, defendant and Jake Lucas left Cato around 1 a.m. to go to a party in Centre Hall.

(10) When they arrived at the party in Centre Hall, Victim claims that she was not feeling well and decided to remain in the truck. She also claims that she was passing in and out of consciousness.

(11) At one point Victim left the truck to vomit and then returned to the truck again.

(12) The next thing Victim remembers is waking up to find that someone was having sex with her. Victim did not remember consenting and was not sure who the person was.

(13) At some point, Victim remembers someone walking by the truck and saying something to the effect of "Coty, aren't you even going to shut the door?"

(14) Victim claims that she believed that the defendant was her boyfriend, Coty, and that she would have been okay with having sex with Coty.

(15) Jake Lucas testified that Victim was drunk. Jake Lucas initially thought that Victim was having sex with Coty, and realized this was not the case at some point.

522

(16) Jake Lucas testified that when he saw Victim having sex with a person he later found out was defendant, her eyes were closed and her head was rolled back and to the side.

(17) State Police Trooper James Ellis spoke with defendant after giving him his *Miranda* rights at about 9:05 a.m. on September 7, 2009.

(18) Defendant told Trooper Ellis that after they arrived at the party in Centre Hall, he was outside smoking and decided to check on Victim, who had remained in the truck.

(19) Defendant asked her if Coty had come back, and she muttered something he didn't understand.

(20) Defendant then told Trooper Ellis that he opened the door, pulled Victim's pants down and engaged in sexual activity with her.

(21) Defendant claims that there was no conversation, but that he thought the sexual activity was consensual.

(22) Trooper Ellis first had contact with defendant at approximately 8:45 a.m. on September 7, 2009.

(23) Trooper Ellis claims that when he went to defendant's residence on September 7, 2009, defendant was woken up by their presence and defendant seemed groggy.

(24) Trooper Ellis testified that defendant had the smell of alcohol on him.

(25) Trooper Ellis also testified that defendant had bruises on him.

(26) Defendant signed a waiver of his *Miranda* rights at approximately 9:05 a.m. on September 7, 2009.

## CONCLUSIONS OF LAW

18 Pa.C.S. §3104(a) sets forth as a general rule that "Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence."

(2) "The purpose of the Rape Shield Law is to prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim." *Commonwealth v. Burns,* 988 A.2d 684, 689 (Pa. Super. 2009).

(3) "[V]ia interpretive efforts by the courts of this Commonwealth, the Rape Shield Statute has been found to bow to the following exceptions: (1) evidence that negates directly the act of intercourse with which a defendant is charged; (2) evidence demonstrating a witness' bias or evidence that attacks credibility; and (3) evidence tending to directly exculpate the accused by showing that the alleged victim is biased and thus has motive to lie, fabricate, or seek retribution via prosecution." *Commonwealth v. Burns,* 988 A.2d 684, 690 (Pa. Super. 2009) (citing *Commonwealth v. Allburn,* 721 A.2d 363, 367 (Pa. Super. 1998).

(4) "Before introducing an extra-judicial admission, the Commonwealth must establish by independent evidence that a crime has in fact been committed; however,

524

the Commonwealth is not required to prove the existence of a crime beyond a reasonable doubt." *Commonwealth v. Reyes,* 545 Pa. 374, 381, 681 A.2d 724, 727 (1996).

(5) "An exception to the corpus delicti rule known as the closely related crime exception was specifically approved of by this court in *Commonwealth v. McMullen,* [545 Pa. 361,] 372, 681 A.2d [717,] 723 (1996). This exception comes into play where an accused is charged with more than one crime, and the accused makes a statement related to all the crimes charged, but the prosecution is only able to establish the corpus delicti of one of the crimes charged. Under those circumstances where the relationship between the crimes is sufficiently close so that the introduction of the statement will not violate the purpose underlying the corpus delicti rule, the statement of the accused will be admissible as to all the crimes charged." *Commonwealth v. Bardo,* 551 Pa. 140, 147, 709 A.2d 871, 874 (1998).

(6) The purpose of the corpus delicti rule is to guard against "the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed" *Commonwealth v. Reyes,* 545 Pa. 374, 381, 681 A.2d 724, 727 (1996). (citations omitted)

## DISCUSSION

### 1. *Evidence of Prior Sexual Conduct*

Defendant has asked the court to allow him to introduce evidence that Victim engaged in consensual sexual contact with her boyfriend, Coty Johnson on the morning

of the alleged sexual assault. The court finds that this evidence would violate the Rape Shield Statute which is found at 18 Pa.C.S. §3104(a).

18 Pa.C.S. §3104(a) sets forth as a general rule that "Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence." In this case, there is no allegation that Victim engaged in past sexual contact with defendant. Defendant argues that evidence of her past sexual conduct should be allowed because it shows that there is an alternative theory as to how evidence of sexual contact could be present and cites *Commonwealth v. Majorana,* 503 Pa. 602, 470 A.2d 80 (1983), to support his position. The court finds that *Majorana* is not relevant to this case. In *Majorana* the defendant was claiming that there was no sexual contact between himself and the victim. In this case, defendant does not deny that there was sexual contact, rather that he believed that the sexual contact was consensual. "[V]ia interpretive efforts by the courts of this Commonwealth, the Rape Shield Statute has been found to bow to the following exceptions: (1) evidence that negates directly the act of intercourse with which a defendant is charged; (2) evidence demonstrating a witness' bias or evidence that attacks credibility; and (3) evidence tending to directly exculpate the accused by showing that the alleged victim is biased

and thus has motive to lie, fabricate, or seek retribution via prosecution." *Commonwealth v. Burns,* 988 A.2d 684, 690 (Pa. Super. 2009) (citing *Commonwealth v. Allburn,* 721 A.2d 363, 367 (Pa. Super. 1998). The court finds that the evidence that defendant is seeking to admit does not negate the act of intercourse for which defendant is charged, does not demonstrate a witness' bias or go to credibility and does no show that Victim is has a motive to be untruthful or seek retribution.

"The purpose of the Rape Shield Law is to prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim" *Commonwealth v. Burns,* 988 A.2d 684, 689 (Pa. Super. 2009). Allowing evidence of Victim's prior sexual contact with Coty Johnson would only serve to prejudice the jury, as defendant has admitted to having sexual contact with Victim. If defendant claimed that no sexual contact had occurred, then the evidence of Victim's prior sexual contact would be admissible to show an alternative explanation for the evidence found by the medical personnel at Mount Nittany Medical Center which showed she had recent sexual contact. Therefore, defendant's motion to allow evidence of Victim's prior sexual contact with Coty Johnson is denied.

## 2. *The Corpus Delecti Rule*

"Before introducing an extra-judicial admission, the Commonwealth must establish by independent evidence that a crime has in fact been committed; however, the Commonwealth is not required to prove the existence of a crime beyond a reasonable doubt." *Commonwealth v.*

*Reyes,* 545 Pa. 374, 381, 681 A.2d 724, 727 (1996). While the corpus delecti rule generally does not allow for an extra-judicial admission where there has been no independent evidence that a crime has been committed, there is an exception for closely related crimes. "An exception to the corpus delicti rule known as the closely related crime exception was specifically approved of by this court in *McMullen,* at 372, 681 A.2d at 723. This exception comes into play where an accused is charged with more than one crime, and the accused makes a statement related to all the crimes charged, but the prosecution is only able to establish the corpus delicti of one of the crimes charged. Under those circumstances where the relationship between the crimes is sufficiently close so that the introduction of the statement will not violate the purpose underlying the corpus delicti rule, the statement of the accused will be admissible as to all the crimes charged." *Commonwealth v. Bardo,* 551 Pa. 140, 147, 709 A.2d 871, 874. The crimes defendant is charged with are closely related. "The purpose of the corpus delicti rule is to guard against "the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed." *Commonwealth v. Reyes,* 545 Pa. 374, 381, 681 A.2d 724, 727 (1996). (citations omitted) Introduction of statements made by defendant in this case which led to defendant being charged with aggravated indecent assault and indecent assault will not violate the purpose of the corpus delicti rule. Defendant is also charged with sexual assault as well as another count of aggravated indecent assault unrelated to his statements which have been corrobo-

rated with evidence independent of defendant's statements. Therefore, the court finds that the exceptions to the corpus delecti rule apply. Defendant's motion in limine to suppress statements made by defendant relating to the charges in Count 3 and Count 5 of the criminal information is denied.

## ORDER

And now, July 20, 2010 the court enters the following order:

(1) Defendant's motion in limine to clarify allegations in criminal information is denied. Allegations in the criminal information were clarified at the time of the hearing.

(2) Defendant's motion to allow evidence of Victim's prior sexual contact with Coty Johnson is denied.

(3) Defendant's motion in limine to quash Count 3 and Count 5 of the criminal information is denied.

(4) Defendant's motion in limine to suppress statements made by defendant relating to the charges in Count 3 and Count 5 of the criminal information is denied.