J-A20013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PARRISH LINNEN | : | |
| | : | |
| Appellant | : | No. 1336 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 17, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013602-2013

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED: NOVEMBER 19, 2021**

Parrish Linnen brings this appeal from the judgment of sentence entered following the reinstatement of his direct appeal rights. We affirm.

The underlying tragic fact of this case occurred in August of 2013, when Irvin Green and his girlfriend Tashawna Sutton were the victims of a barrage of gunfire showered upon them by Linnen and his two cohorts. When the hail of bullets ended, Green was shot six times and spent three days in the hospital. He received a gunshot to his face that broke his jaw and his eardrum, causing him to be deaf in one ear. Sutton was shot seven times and spent 26 days in the hospital where she underwent ten surgeries. As a result of the incident, she is limited in her ability to walk.

Linnen proceeded to a joint trial with codefendant Taevon Carr. A jury convicted Linnen of two counts of attempted homicide, one count of conspiracy

to commit homicide and the two counts of recklessly endangering another person. On April 6, 2016, the trial court sentenced Linnen to serve two concurrent prison terms of 15 to 30 years for each of the attempted homicide convictions and a consecutive term of 10 to 20 years for the conspiracy conviction, which resulted in an aggregate sentence of 25 to 50 years. Linnen filed timely post-sentence motions, which were denied.

On direct appeal this Court affirmed the convictions based on the trial court's opinion, but we *sua sponte* vacated the sentence and remanded for resentencing after holding that sentences for both inchoate crimes could not be imposed. **Commonwealth v. Linnen**, 614 WDA 2016, 175 A.3d 358 (Pa. Super. filed July 6, 2017) (non-precedential decision).

On October 17, 2017, the trial court resentenced Linnen to serve a prison term of 15 to 30 years for one of the attempted homicide convictions and a consecutive prison term of 10 to 20 years for the second attempt homicide conviction. No further penalty was imposed for the conspiracy to commit homicide conviction. Therefore, Linnen again received an aggregate sentence of 25 to 50 years. Linnen did not file post-sentence motions.

Linnen filed a subsequent direct appeal in which he raised a challenge to the discretionary aspects of his sentence. However, this Court affirmed the judgment of sentence after finding the issue to be waived for the failure to properly preserve the claim before the trial court. **Commonwealth v.**

- 2 -

*Linnen*, 1650 WDA 2017, 209 A.3d 1047 (Pa. Super. filed February 6, 2019) (non-precedential decision).

Thereafter, Linnen filed a letter with the trial court, which the court treated as a PCRA petition. The court appointed PCRA counsel, who then filed an amended PCRA petition that argued prior counsel was ineffective for failing to properly preserve Linnen's challenge to the discretionary aspects of his sentence. On October 14, 2020, the PCRA court granted Linnen's PCRA petition and reinstated his post-sentence motion and direct appeal rights.

On November 2, 2020, Linnen filed a post-sentence motion challenging the discretionary aspects of his sentence. The trial court denied the motion on November 5, 2020. This appeal followed.

On appeal, Linnen continues his challenge the discretionary aspects of his sentence. Linnen asserts that his aggregate sentence of 25 to 50 years is manifestly excessive and constitutes too severe a punishment and was disproportionate to the crimes. Linnen further asserts that the trial court did not properly weigh the sentencing factors when it imposed his sentence.

We note that our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citation and brackets omitted).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *See Moury*, 992 A.2d at 170 (citation omitted). Further, we are mindful that a failure to include the Pa.R.A.P. 2119(f) statement does not automatically waive an appellant's discretionary aspects of sentencing argument. *See Commonwealth v. Roser*, 914 A.2d 447, 457

- 4 -

(Pa. Super. 2006). However, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement. **Id**. (citation omitted). **See also Commonwealth v. Farmer**, 758 A.2d 173, 182 (Pa. Super. 2000) (observing that we may not reach the merits of discretionary aspects of sentencing claims where the Commonwealth has objected to the omission of a Pa.R.A.P. 2119(f) statement and finding the issue to be waived). **Cf. Commonwealth v. Lutes**, 793 A.2d 949, 964 (Pa. Super. 2002) (holding that if the appellant fails to comply with Pa.R.A.P 2119(f), Superior Court may entertain discretionary sentencing claim if Commonwealth does not object to the appellant's failure to comply with Pa.R.A.P. 2119(f)).

Herein, the first and second requirements of the four-part test are met because Linnen timely brought this appeal, and he included a challenge to the discretionary aspects of his sentence in his reinstated post-sentence motions. However, the third requirement is not met. Specifically, Linnen failed to include in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). The Commonwealth is aware of the omission and has objected to Linnen's omission by stating that his failure to request the right to appeal *via* a Rule 2119(f) statement is fatally defective to the claim. **See** Commonwealth's Brief at 13-

14. Therefore, Linnen's issue is waived, and we are precluded from addressing the merits of his claim on appeal.[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021

---

[1] Absent waiver, the record refutes Linnen's sentencing claim. The trial court fully explained the reasons it chose to reimpose the aggregate sentence as it did. **See** Trial Court Opinion, 3/23/21, at 5-8. Linnen's true claim challenges the weight the trial court assigned to legitimate sentencing factors. Such a challenge does not raise a substantial question. **See Commonwealth v. Griffin**, 804 A.2d 1 (Pa. Super. 2002). Therefore, had the Commonwealth failed to object to our jurisdiction and we were to address Linnen's issue, he would not be entitled to relief.