J-S31028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MORRIS McDUFFY, | : | |
| | : | |
| Appellant | : | No. 2691 EDA 2013 |

Appeal from the Judgment of Sentence Entered August 15, 2013,
In the Court of Common Pleas of Philadelphia County, Criminal Division,
at Nos. CP-51-CR-0008164-2012; CP-51-CR-0025982-2012.

BEFORE:  BOWES, SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED JULY 30, 2014**

Appellant, Morris McDuffy, appeals from the judgment of sentence entered following his conviction of one count each of possession with intent to deliver a controlled substance ("PWID") and possession of a controlled substance.  We affirm.

We summarize the history of this case as follows.  On the evening of June 26, 2012, Philadelphia Police conducted surveillance on Harmer Street due to complaints of narcotics sales.  During the surveillance, officers observed Appellant and a co-defendant participating in multiple transactions on the street.  Appellant was arrested and police recovered $332 from his person.  Police also recovered marijuana from the co-defendant and several of the people observed purchasing from Appellant and the co-defendant.  At

the conclusion of a nonjury trial on April 16, 2013, Appellant was convicted of the crimes stated above. On August 15, 2013, Appellant was sentenced to a term of incarceration of eleven and one-half to twenty-three months plus two years of probation for the PWID conviction. The trial court concluded that Appellant's conviction of simple possession merged with the conviction of PWID for the purposes of sentencing. Appellant filed post-sentence motions on August 19, 2013, which the trial court denied on September 13, 2013. This timely appeal followed.

Appellant presents the following issues for our review:

I. Whether the evidence was insufficient to support Appellant's convictions where the Commonwealth did not make out their burden beyond a reasonable doubt due to the lack of evidence showing that [Appellant] was involved in the sale of marijuana.

II. Whether the verdict was against the weight of the evidence, where [Appellant] was found in possession of a marijuana grinder containing marijuana, which would indicate that any marijuana possession was for personal use.

III. Whether the sentence given by the court was unreasonably high, where it was in the aggravated range of the guidelines and the court did not take into consideration the mitigation indicated in the pre-sentence investigation.

Appellant's Brief at 3.

Appellant first argues that there was insufficient evidence to support his conviction of PWID. Specifically, Appellant contends that only US currency was retrieved from Appellant, and no drugs were found on his

person. Appellant alleges that more evidence was required to connect Appellant to the drug sale activity.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Rivera*, 983 A.2d 1211, 1220 (Pa. 2009). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Jackson*, 955 A.2d 441, 444 (Pa. Super. 2008). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Kelly*, 78 A.3d 1136, 1139 (Pa. Super. 2013).

In order to uphold a conviction for possession of narcotics with the intent to deliver ("PWID") pursuant to 35 P.S. § 780-113(a)(30), the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. *Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) (*en*

*banc*). "The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case." ***Commonwealth v. Conaway***, 791 A.2d 359, 362-363 (Pa. Super. 2002). "[P]ossession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption." ***Commonwealth v. Jones***, 874 A.2d 108, 121 (Pa. Super. 2005). Expert opinion testimony is also admissible "to aid in determining whether the facts surrounding the possession of controlled substances are consistent with intent to deliver." ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1237 (Pa. 2007).

In addressing Appellant's claim, we turn to the following cogent summary of the facts authored by the trial court:

> On June 26, 2012 at around 6:30 p.m., Philadelphia Police Officer Dwayne White and his partner, Officer Little, arrived on the 5500 block of Harmer Street in Philadelphia after receiving numerous complaints about the sale of narcotics on the block. N.T. 4/16/2013 at 10. At this time, Officer White and Officer Little set up surveillance in an unmarked police vehicle. N.T. 4/16/2013 at 11. The officers then observed [Appellant] and another individual by the last name Wilkerson. *Id*. At this time, Officer White observed an unknown black male, later identified as Hightower, engage [Appellant] in conversation. N.T. 4/16/2013 at 12. After this conversation, [Appellant] was observed walking to a silver Lincoln Town Car parked down the block. N.T. 4/16/2013 at 13. [Appellant] then opened the passenger door, reached in, and retrieved unknown items. *Id*. [Appellant] then received an unknown amount of United States currency from Hightower and made a pouring motion into Hightower's hand. *Id*. At this time, an unknown black male wearing a grey shirt, and blue jeans walked down the block and

had a brief conversation with [Appellant]. *Id*. [Appellant] again walked down to the Lincoln Town Car, opened the passenger door, retrieved unknown items, then handed the items to the unknown black male. N.T. 4/16/2013 at 13-14. The unknown black male was unable to be stopped. N.T. 4/16/2013 at 14.

At this time, Mr. Wilkerson was observed having a brief conversation with an unknown black male, later identified as Rawls. *Id*. Wilkerson then reached into his cargo short pocket and made a hand to hand transaction with Rawls. N.T. 4/16/2013 at 16. Mr. Wilkerson was also observed making a hand to hand transaction with an unknown black female later identified as Fatima Mobley. *Id*. Mr. Wilkerson was also seen at times going back and forth to the same Lincoln Town Car as [Appellant]. N.T. 4/16/2013 at 15.

Officer Nance stopped Mr. Hightower, and recovered from his person were five glass jars, four with green tops and one with a black top, all stamped with a butterfly, all containing a green weedy substance, alleged marijuana. N.T. 4/16/2013 at 36. Officer Perone stopped Mr. Rawls, and recovered from his person was one clear ziplock baggie, with spade symbols on it, containing a green weedy substance, alleged marijuana. N.T. 4/16/2013 at 38-39. Officer Vaughn stopped Ms. Mobley, and recovered from her person was one clear ziplock baggie, with spade symbols on it, containing a green weedy substance, alleged marijuana. N.T. 4/16/2013 at 39. Officer Linder stopped [Appellant], and recovered from his person was $332 United States currency. N.T. 4/16/2013 at 40. Officer Soto stopped Mr. Wilkerson, and recovered from his person were two clear ziplock baggies with spade symbols on them, each containing a green weedy substance, alleged marijuana. N.T. 4/16/2013 at 41-42. Recovered from the Lincoln Town Car was [a] bronze color medal grinder containing a green weedy substance, alleged marijuana. N.T. 4/16/2013 at 40-41.

All the narcotics were submitted to the chem lab and did test positive for marijuana. N.T. 9/14/2012 at 36-42. [Appellant] was arrested and charged with possession with the intent to deliver a controlled substance, and knowing and intentional possession of a controlled substance.

Trial Court Opinion, 11/15/13, at 1-3.

Upon thorough review of the record, we conclude that the evidence presented by the Commonwealth, although circumstantial, was sufficient to establish that Appellant both possessed marijuana and possessed it with the intent to distribute. Thus, viewed in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to prove the elements of PWID. Consequently, Appellant's claim of insufficient evidence lacks merit.

Appellant next argues that the verdict was against the weight of the evidence. Basically, Appellant contends that the evidence presented at trial, amounted to nothing more than mere suspicion and surmise. Appellant asserts that the trial court abused its discretion in denying his motion for a new trial as the verdict was against the weight of the evidence.

In **Commonwealth v. Clay**, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, 560 Pa. 308, 319, 744 A.2d 745, 751-52 (2000); **Commonwealth v. Brown**, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Widmer**, 560 A.2d at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so

clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Widmer*, 560 Pa. at 321-22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be

exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Widmer***, 560 A.2d at 322, 744 A.2d at 753 (quoting ***Coker v. S.M. Flickinger Co.***, 533 Pa. 441, 447, 625 A.2d 1181, 1184-85 (1993)).

***Clay***, 64 A.3d at 1054-1055.

Our review of the record reflects that the trial court addressed Appellant's challenge to the weight of the evidence and determined that it lacked merit. Specifically, the trial court stated the following:

The facts of this case are uncontroverted. Officer White and Officer Little observed [Appellant] converse with Mr. Hightower, walk to the silver Lincoln town car and observe unknown small items. The officers then observed [Appellant] receive United States currency from Mr. Hightower in exchange [for] the small items that [Appellant] retrieved from the silver Lincoln town car. Mr. Hightower was later stopped with five glass jars, four with green tops and one with a black top, all stamped with a butterfly, all containing a green weedy substance, marijuana. The police officer's observations of [Appellant's] actions along with the narcotics found on Mr. Hightower provide clear and convincing evidence that [Appellant] possessed illegal drugs with the intent to distribute.

* * *

[Appellant's] conviction for [PWID] was not against the weight of the evidence.

Trial Court Opinion, 11/15/13, at 5-6, 8.

-8-

Here, the trial court, sitting as the finder of fact, was free to believe all, part, or none of the evidence against Appellant.  The trial judge weighed the evidence and concluded Appellant committed the crimes in question.  We decline Appellant's invitation to assume the role of factfinder and to reweigh the evidence.  Accordingly, we conclude that the trial court did not abuse its discretion in determining that Appellant's weight of the evidence claim lacks merit.

In his final issue, Appellant argues that the trial court abused its discretion in fashioning his sentence.  Specifically, Appellant claims that the trial court abused its discretion when it allegedly failed to take into consideration mitigating circumstances when the trial court imposed a sentence in the aggravated range of the sentencing guidelines.

Initially, we note that Appellant's issue challenges the discretionary aspects of his sentence.  Our standard of review is one of abuse of discretion.  Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal.  ***Commonwealth v.***

**W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007).  As we observed in

**Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> [a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super.

2006)).  Objections to the discretionary aspects of a sentence are generally

waived if they are not raised at the sentencing hearing or in a motion to

modify the sentence imposed.  **Id**. (citing **Commonwealth v. Mann**, 820

A.2d 788 (Pa. Super. 2003)).  Moreover, where an appellant fails to comply

with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived

for purposes of review.  **Commonwealth v. Farmer**, 758 A.2d 173, 182

(Pa. Super. 2000).

Herein, the first of the requirements of the four-part test is met

because Appellant brought a timely appeal.  Likewise, our review of the

record reflects that Appellant met the second requirement because he raised

his challenge both at the time of sentencing and in his post-sentence motion.

However, Appellant has not met the third requirement of the test because he failed to comply with the requirements of Rule 2119(f). Specifically, Appellant has not filed a concise statement of reasons relied upon for the allowance of appeal in his brief. The Commonwealth is aware of the omission and has objected to this deficiency. **See** Commonwealth's Brief at 11-12. Accordingly, because of the fatal defect in the appellate brief, we are precluded from reviewing the merits of Appellant's sentencing claim and deem it to be waived. **Farmer**, 758 A.2d at 182. **Cf. Commonwealth v. Lutes**, 793 A.2d 949, 964 (Pa. Super. 2002) (holding that if the appellant fails to comply with Pa.R.A.P 2119(f), Superior Court may entertain discretionary sentencing claim if Commonwealth does not object to the appellant's failure to comply with Pa.R.A.P. 2119(f)).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2014