**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert McSLOY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 18, 2000.

Filed April 26, 2000.

Susan V. Kahn, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before POPOVICH, STEVENS and BECK, JJ.

BECK, J.:

¶ 1 In this criminal matter, we address, *inter alia*, the application of the statute of limitations for theft by deception, conspiracy, and fraud under the insurance law. On direct appeal, we are asked to determine whether appellant Robert McSloy's counsel was ineffective in failing to renew a motion to dismiss charges based on the statute of limitations, and in failing to call certain character witnesses. For the reasons that follow, we affirm the judgment of sentence.

¶ 2 A jury convicted appellant of theft by deception, criminal conspiracy, and fraud under the Pennsylvania insurance laws. Testimony at trial established that appellant and Fred Diehl conspired to stage an automobile accident of Diehl's rented car on December 8, 1985. After Diehl refused to participate actively, appellant on his own deliberately smashed Diehl's rented vehicle into his own car. Both men subsequently reported the incident to police as an accident. Appellant received from his insurance companies[1] more than $200,000, and more than $15,000 from the rental agency.

■ ¶ 3 Six years after the incident, on December 9, 1991, appellant's brother, David McSloy, gave a statement incriminating appellant to the Inspector General of Philadelphia. On January 20, 1992, a second individual, Fred Elton, gave another statement incriminating appellant to the Philadelphia police. On October 16, 1992, co-conspirator Diehl gave an incriminating statement to police about himself and appellant. Diehl then refused any further cooperation with authorities until he received a promise of immunity. He then agreed to testify before a grand jury,

which was convened in April, 1993. N.T., 9/18/96, at 21–22, 36; N.T., 10/16/97, at 46–48, 50, 86. Following the grand jury's presentment, appellant was arrested on December 20, 1993, and brought to trial in 1996. A prosecution is commenced when a warrant or summons is issued, if such warrant or summons is executed without unreasonable delay. *Commonwealth v. Groff*, 378 Pa.Super. 353, 548 A.2d 1237 (1988).

¶ 4 The first trial ended in a mistrial on matters unrelated to this appeal.[2] The second trial began on October 15, 1997, and appellant was sentenced on January 15, 1998.

■ ¶ 5 The law assumes that counsel was effective, and the burden is on appellant to prove otherwise. To do so, he must demonstrate that his underlying claim has arguable merit, that counsel had no reasonable basis for his action or inaction, and that he was prejudiced as a result. Counsel is not ineffective for failing to advance a meritless claim. *Commonwealth v. Ellis*, 541 Pa. 285, 662 A.2d 1043 (1995).

¶ 6 Appellant's first charge of ineffectiveness is counsel's failure to move to dismiss based on the statute of limitations. None of appellant's arguments relating to the statute of limitations has merit. The statute of limitations for theft by deception is five years. 42 Pa.C.S.A. § 5552(b)(1). The thrust of appellant's argument is that the statute of limitations should bar prosecution because he was not brought to trial until 1996 and the staged accident and the completed crime occurred eleven years earlier in 1985. Appellant insists that the insurance companies' failure to pay him until December 5, 1989, four years after the staged accident, should not benefit the Commonwealth in initiating prosecution of the crime. Appellant relies on law per-

---

**1.** Claims were submitted to American Bankers Insurance Company, CUNA, Nationwide Insurance Company, and Agency Rent–a–Car.

**2.** At this trial, the court ordered Commonwealth witness David McSloy to refrain from testifying about an unrelated business dispute with appellant. The witness disobeyed the order and the court declared a mistrial.

taining to attempt,[3] and argues that attempted theft by deception is completed after the communication creating the false impression. He insists that the false impression was created at the staging of the accident. Therefore, the five years should commence from the date of the accident, December 1985.

¶ 7 Conspiracy has the same five-year statute of limitations. 42 Pa.C.S.A. § 5552(b)(3). Appellant's arrangement with Diehl was to pay him $5,000 for helping to stage the accident. Diehl asked appellant for the money once, in 1986, and never asked him again. Appellant argues that the conspiracy therefore ended in 1986, and was not renewed.

¶ 8 The insurance laws have a two-year statute of limitations, except where there is fraud or breach of fiduciary obligation, in which case the limitation is extended for a one-year period from the time the offense is discovered. 42 Pa.C.S.A. § 5552(c)(1). He argues that the statute of limitations runs from January 20, 1992, the time the crime was discovered, i.e., Elton's revelations of the fraud to the police. The Commonwealth therefore had until January 19, 1993 to file charges, but did not do so until December 10, 1993.

¶ 9 Appellant's arguments concerning these three limitations fail. Appellant has been convicted of theft by deception, 18 Pa.C.S.A. § 3922, not attempted theft. The statutory definition states: "A person is guilty of theft by deception if he intentionally obtains or withholds property of another by deception." The plain language of the statute states that an offense is committed after every element has occurred. 42 Pa. C.S.A. § 5552(d). A person is guilty of theft by deception if he intentionally *obtains property* from another by deception. The Commonwealth must prove that the victim relied upon the false impression. *Commonwealth v. Fisher*, 452 Pa.Super. 564, 682 A.2d 811 (1996). The

statutory offense was therefore not completed until appellant first received payment from the insurance companies, *i.e.*, in December 1989. He was arrested and charged in December 1993, within the five-year statutory limitation.

¶ 10 Criminal conspiracy, which has a five-year statute of limitations, is a continuing offense. Its essence is an agreement that a criminal objective be accomplished. The offense does not terminate until the conspiracy ends, at which point the time starts to run. 42 Pa.C.S.A. § 5552(d). *Commonwealth v. Johnson*, 419 Pa.Super. 625, 615 A.2d 1322 (1992). In the instant case, appellant and Diehl's conspiracy to defraud the insurance companies continued with each successive payment by the companies, terminating only upon Diehl's decision to testify before the grand jury in April, 1993.

¶ 11 In discussing the two-year statute of limitations on insurance fraud, appellant misinterprets the applicable law. Fraud provides an exception to the two-year period. According to 42 Pa.C.S.A. § 5552(c)(1), where there is fraud, the period of limitation is extended one year from the discovery of the fraud, up to a period of three years beyond the original two-year limit. Although appellant argues that the fraud was discovered on January 20, 1992, when Elton gave his statement to police, the fraud was suspected, rather than known, until the time of Diehl's statement to the grand jury. As this Court explained in *Commonwealth v. Hawkins*, 294 Pa.Super. 57, 439 A.2d 748, 750 (1982), discovery is not satisfied by mere suspicion; it requires acquisition of knowledge that a penal statute has been violated.

¶ 12 To summarize, appellant fails to demonstrate that the Commonwealth's prosecution for theft by deception, conspiracy, or insurance fraud was time-barred. Because the underlying claim lacks merit, he has not met the first prong of the test for ineffectiveness. Therefore, trial coun-

**3.** 18 Pa.C.S.A. § 901.

sel cannot be deemed ineffective for failing to move again to dismiss the charges on this basis.

¶ 13 Appellant's second claim of ineffectiveness is that trial counsel failed to call character witnesses to testify in his behalf. He submits affidavits from five individuals who declare that he is a man of good character and they would have been willing to testify for him at trial. To demonstrate ineffectiveness for failure to call witnesses, an appellant must demonstrate the existence and availability of the witnesses, counsel's awareness of the witnesses, their willingness to testify, and how he was prejudiced by the lack of their testimony. *Commonwealth v. Copenhefer*, 553 Pa. 285, 719 A.2d 242 (1998). Four of the five affidavits submitted with appellant's brief come from people out of state, who came to know appellant at a later time.

¶ 14 The fifth affidavit comes from a Philadelphian, and describes appellant's reputation for the period 1986–1989. None of the affidavits establish that affiants knew appellant's reputation in Philadelphia in 1985, the time and place of the staged accident. Neither is there any evidence to establish that appellant informed trial counsel of the existence of these people. If counsel did not know of them and their willingness to testify, he cannot be found ineffective for failing to have them testify for the defense. Moreover, appellant does not sustain the burden of demonstrating how the testimony of the uncalled witnesses would have changed the outcome of the trial. *Commonwealth v. Drass*, 718 A.2d 816 (Pa.Super.1998).

¶ 15 Because we find no merit in appellant's claims of ineffectiveness of trial counsel, we affirm judgment of sentence.

¶ 16 Judgment of sentence affirmed.