J-S07044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PEDRO E. CABRERA, | : | |
| | : | |
| Appellant | : | No. 970 MDA 2016 |

Appeal from the PCRA Order May 26, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s):  CP-22-CR-0000916-2010

BEFORE:  BOWES, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED MARCH 23, 2017**

Pedro E. Cabrera ("Cabrera") appeals from the Order denying his Petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

In its Opinion, the PCRA court set forth the factual and procedural background of this case, which we adopt for the purpose of this appeal.  **See** PCRA Court Opinion, 5/26/16, at 1-4.

On May 26, 2016, the PCRA court entered an Order denying Cabrera's Petition.  Cabrera filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Cabrera raises the following issue for our review:

Whether [Cabrera] was deprived of his constitutional right to effective assistance of counsel when his trial attorney failed to properly investigate exculpatory information[,] and failed to call an exculpatory witness[,] in violation of [Cabrera's] right to effective counsel under the 6th Amendment to the United States

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Constitution[,] as well as Article I[,] Section 9 of the Pennsylvania Constitution?

Brief for Appellant at 4 (capitalization omitted).

Cabrera contends that trial counsel was ineffective because he "failed to exhaust all reasonable means to contact or interview" Victoria Rolon ("Rolon"), who, Cabrera asserts, possessed exculpatory information that would have corroborated Cabrera's testimony at trial. *Id*. at 9-10. Cabrera claims that there was no reasonable basis for trial counsel's defensive strategy, which "was based entirely on the testimony of [Cabrera.]" *Id*. at 11. Cabrera argues that there is a reasonable probability that the outcome of his trial would have been different if trial counsel had "tracked down" Rolon. *Id*. Cabrera points to his trial testimony that he had no knowledge of the presence of guns or drug paraphernalia in the home, and contends that Rolon's testimony would have supported this testimony, and led to his acquittal. *Id*. at 12.

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007) (citations omitted).

In its Opinion, the PCRA court addressed Cabrera's issue, set forth the relevant law, and determined that the issue lacks merit. *See* PCRA Court Opinion, 5/26/16, at 5-8. We agree with the reasoning of the PCRA court,

which is supported by the record and free of legal error, and affirm on this basis. *See id*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017

COMMONWEALTH OF PENNSYLVANIA  :  IN THE COURT OF COMMON PLEAS

: DAUPHIN COUNTY, PENNSYLVANIA

:

V.                               :

: NO: 0916-CR-2010

PEDRO E. CABRERA                 :  PCRA

## MEMORANDUM ORDER

Presently before this Court is Petitioner Pedro E. Cabrera's (Petitioner/Defendant) Amended Petition for Relief Pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. 9541 et. seq. A PCRA Hearing was convened on February 19, 2016.

## PROCEDURAL HISTORY

On August 7, 2009, Defendant was arrested and charged with one count of Possession With Intent to Manufacture or Deliver a Controlled Substance,[1] one count of Persons Not to Possess a Firearm,[2] and one count of Unlawful Possession of Drug Paraphernalia.[3]  Defendant appeared for a jury trial on June 18 and 19, 2012.  A jury rendered a verdict of not guilty on the charge of Possession With Intent to Deliver, and guilty on the charges of Person Not to Possess a Firearm and Unlawful Possession of Drug Paraphernalia.

On November 5, 2012, Defendant was sentenced on the firearms charge to a term of incarceration of not less than sixty (60) months nor more than one hundred twenty

---

[1] 35 P.S. §780-113(a)(30).
[2] 18 Pa.C.S. §6105(a)(1).
[3] 35 P.S. §780-113(a)(32).

1

(120) months, along with costs of prosecution and a fine of $500. On the drug paraphernalia charge, he was sentenced to a term of incarceration of not less than three (3) months nor more than six (6) months to run concurrent with count two, along with costs of prosecution and a fine of $25. On November 27, 2012, Defendant filed a notice of appeal with the Superior Court and on March 10, 2014, the Superior Court affirmed Defendant's judgment of sentence.

On May 5, 2014, Defendant filed a pro se Motion for Post Conviction Collateral Relief[4] and on May 9, 2014, Jonathan W. Crisp, Esquire was appointed as PCRA counsel. Attorney Crisp filed an Amended Petition for Relief Pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. 9541 et. seq (Amended PCRA Petition). Defendant's Amended PCRA Petition alleges he is eligible for relief because his trial counsel was ineffective. Specifically, Defendant challenges his trial counsel's decision not to call his girlfriend, Ms. Vanessa Rolon (Rolon), as a witness for his defense. A PCRA evidentiary hearing was held on February 19, 2016.

On direct examination at the PCRA Hearing, Defendant testified that prior to trial, he met two times with his trial counsel, Bryan McQuillan, in the holding cells of the Dauphin County Courthouse.[5] Defendant testified that he told Mr. McQuillan that he wanted to call Vanessa Rolon to testify on his behalf at trial. N.T. PCRA 3. However,

---

[4] Defendant's pro se Motion alleges that he is eligible for relief because: I) a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilty or innocence could have taken place, II)Ineffective assistance of counsel, and III) the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced. However, the only facts in support of Defendant's alleged errors is that counsel was ineffective.

[5] Transcript of proceedings, PCRA Hearing, February 19, 2016, page 3 (hereinafter "N.T. PCRA _____")

2

during the actual trial, Defendant did not say anything to his trial counsel about calling Ms. Rolon as a witness. N.T. PCRA 4. Finally, Defendant testified that he was able to give Mr. McQuillan the number to contact Ms. Rolon. *Id.*

Defendant's next witness at the PCRA Hearing was Ms. Rolon. Ms. Rolon testified that she has been with the Defendant for 12 years. N.T. PCRA 8. Ms. Rolon testified that on the day of the incident a Chrissy (Ms. Roland could not recall Chrissy's last name) came to the house carrying a box. N.T. PCRA 9. Ms. Rolon than proceeded to send Chrissy to the store and while Chrissy was away at the store, Ms. Rolon carried the box upstairs (without looking in the box – as Ms. Roland testified that she had no knowledge of what was in the box). N.T. PCRA 10.

On cross-examination, Ms. Rolon testified that she was in a relationship with the Defendant in the months leading up to trial, that she was aware that the Defendant was in prison, and that there were some letters that were written between herself and the Defendant. N.T. PCRA 11-12. Ms. Rolon testified that she had no knowledge as to whom the gun belonged. N.T. PCRA 13. Finally, on cross-examination, Ms. Rolon testified that she is still in a relationship with the Defendant and "[i]f they would have told me to come to court a long time ago, this would have been done and over with." N.T. PCRA 14.

The following exchange took place between Ms. Rolon and the Court:

> THE COURT: Ma'am, all right, so this happened back in August of 2009, is that right, when the police came to the house?
> THE WITNESS: Yes.
> THE COURT: Is that right?
> THE WITNESS: Yes.
> THE COURT: And then this case came to trial in June of 2012; is that right?
> THE WITNESS: Yes.

3

THE COURT: And all that time you were still in a relationship with Mr. Cabrera?

THE WITNESS; Yes.

THE COURT: Okay. And is it your testimony that during this entire time, even though you had a relationship with him, you never knew when his case was going to go to trial?

THE WITNESS: No.

THE COURT: He didn't want you there to support him?

THE WITNESS: I don't know

The Defendant's final witness at the PCRA Hearing was trial counsel, Bryan McQuillan. Mr. McQuillan, in contradiction to Defendant's testimony, testified that he met with the Defendant several times at his office before he was incarcerated[6]. *Id.* 18. Mr. McQuillan stated that he was aware of a Vanessa Rolon but was unable to call her (or Ms. Cintron) as witnesses. *Id.* at 19. Mr. McQuillan indicated that he had a number for Ms. Rolon but it was crossed out which indicates that the number was no good. *Id.* The Commonwealth proceeded to introduce Mr. McQuillan's case file as Commonwealth's Exhibit 1. *Id* at 21. Here, Mr. McQuillan made notes of witnesses that were favorable or pertinent to his case. Mr. McQuillan, however, did not have any notes on Ms. Rolon. *Id.* at 22. Mr. McQuillan testified that "[i]f Ms. Rolon was brought to my attention as a witness that was favorable or had information to share that was favorable and truthful, [he] would have noticed it and [he] would have certainly called her if [he]could have." *Id.* Mr. McQuillan went on to testify that the Defendant told the detective that everything in the house was the Defendant's. *Id* at 23. The Defendant, while Detective Cornick, Ms. Cintron, and Ms. Rolon were all sitting down together, admitted that everything in the house was his. *Id.* at 24.

---

[6] Mr. McQuillan further testified that the Defendant would come to his office to make payments towards his case. Mr. McQuillan stated that this happened at least six times. N.T. PCRA 20.

## DISCUSSION

"The law assumes that counsel was effective, and the burden is on the appellant to prove otherwise." *Commonwealth v. McSloy*, 751 A.2d 666, 228 (Pa.Super.2000). "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa.Super.2013) (*en banc*), *appeal denied*, 93 A.3d 463 (Pa.2014) (citation omitted).

"Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Spotz*, 84 A.2d 294, 311 (Pa.2014) (citation omitted). "Where matters of strategy and tactics are concerned, [a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Id.* at 311-12 (citation and quotes omitted). A failure to satisfy any prong of the test will require rejection of the claim. *See id.* at 311.

[I]n the particular context of the alleged failure to call witnesses, counsel will not be deemed ineffective unless the PCRA petitioner demonstrates (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence

5

of the testimony was so prejudicial to petitioner to have denied him or her a fair trial. *Commonwealth v. Miner*, 44 A.3d 648, 687 (Pa.Super. 2012) (citation omitted).

The Commonwealth established at trial that the Defendant told Detective Cornick that he had a firearm and heroin in his closet in his bedroom.[7] Officer Baird (one of the Commonwealth's witnesses) further testified that the Defendant told him that he had a firearm in his bedroom and even indicated that the gun was located on the top shelf. N.T. Jury Trial 42-42. Upon receiving this information, Officer Baird searched the closet in the bedroom and found, on the top shelf, a box containing a handgun. *Id.* at 43. Finally, Officer Baird testified that the Defendant took responsibility for what was found and that everything was his. *Id.* at 45. Officer Baird ended by stating that the closet in which the handgun was found contained men's clothing. *Id.* The Commonwealth's next witness to testify was Detective Cornick who corroborated Officer Baird's account of the incident. *Id* at 52-62. Defendant did testify that Cabrera said everything was his because he wanted them [officers] to leave his family alone. *Id.* at 93. Defendant further testified that the guns and drugs were not his. *Id.* at 97-101. The jury found the Defendant guilty on the charges of Person Not to Possess a Firearm and Unlawful Possession of Drug Paraphernalia.

Defendant's *pro se* PCRA Petition is the first instance in which he is claiming ineffective assistance of counsel for failure to call a witness. Defendant did not raise this issue on appeal.[8] The jurors most certainly would have seen a bias where the long-time girlfriend/wife was testifying on behalf of her boyfriend/husband. Ms. Rolon further

---

[7] Transcript of Proceedings, Jury Trial, June 18 and 19, 2012, page 42 (hereinafter "N.T. Jury Trial ____").

[8] Defendant's only issue on appeal was that the "trial court erred in failing to suppress evidence found in Appellant's house where there was an unlawful search and seizure by law enforcement officers." The Superior Court affirmed the Trial Court's decision not to suppress the evidence.

6

testified (at the PCRA Hearing) that she did not know what was in the box yet proceeded to take the box to an upstairs bedroom. Ms. Rolon testified that she wanted to take the box away from the kids despite the fact that she did not know what was in the box. Ms. Rolon, notwithstanding being in a close relationship with the Defendant, was unaware of the status of Defendant's case and Ms. Rolon did not even go to the trial (claiming that she did not even know when it was). This case was not held in secret. The Jury Trial took place on June 18 and 19, 2012 and the sentencing did not occur until November 5, 2012. There was nearly five months between the guilty verdict and sentencing. Ms. Rolon did not even attempt to come forward after discovering that the Defendant was found guilty. Ms. Rolon knew she could have come forward but failed to do so.

Assuming arguendo that Ms. Rolon would have testified that the gun was not the Defendant's, such testimony was elicited by the Defendant himself. The Defendant had the opportunity to take the witness stand at trial and testify that 1) he did not know there were drugs in his house, 2) the drugs were not his, 3) it was not his gun, and 4) he did not know how the guns or drugs got to be in his house. N.T. Jury Trial 95. As such, assuming that Ms. Rolon would have testified to the facts as she has outlined them,[9] the absence of Ms. Rolon's testimony was not so prejudicial as to having denied the Defendant a fair trial.

Furthermore, Attorney McQuillan testified that the Defendant only discussed wanting to call one witness (a state parole agent) but that Attorney McQuillan decided not to call him because there was a motion in limine to not let the jury know that the Defendant was on state parole. Mr. McQuillan also stated that he had a number for Ms. Rolon but

---

[9] This Court notes that Ms Rolon's testimony was suspect at best.

7

was unable to get a hold of her as her number was crossed out in his file folder (indicating that the number was no good). Finally, Mr. McQuillan indicated that had he been aware that Ms. Rolon would have been a favorable witness to his client, he would have noted it and would have certainly tried to call her if he would have been able to locate her. As such, the Defendant failed to establish that the *witness was available* and that the *witness was willing to testify for the defense* <u>at the time of trial</u>.

Accordingly, we enter the following:

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

: DAUPHIN COUNTY, PENNSYLVANIA

:

V. :

: NO: 0916-CR-2010

PEDRO E. CABRERA : PCRA

## ORDER

AND NOW, this 26th day of May, 2016, upon consideration of Defendant's *pro se* Motion for Post Conviction Collateral Relief, and Defendant's Amended Petition for Special Relief Pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. 9541 et. seq., and any responses thereto, and following an evidentiary PCRA Hearing on February 19, 2016, IT IS HEREBY ORDERED AND DECREED that this Court finds that Defendant's claims do not warrant PCRA relief and Defendant's PCRA Petition(s) are hereby DENIED/DISMSED.

**Defendant has the right to appeal this decision to the Superior Court of Pennsylvania. This appeal must be taken within thirty (30) days of the date of this Order.**

Furthermore, the Clerk of Courts of Dauphin County shall immediately serve a copy of this Order upon the Defendant and the Defendant's counsel by certified mail, return receipt requested, as well as upon the District Attorney.

BY THE COURT

_____
RICHARD A. LEWIS, JUDGE

9