J-S13010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JERMAINE L. MARTIN | |
| Appellant | No. 1361 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 3, 2019
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0000442-2016

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                          **FILED JULY 13, 2020**

Appellant, Jermain L. Martin, appeals from the May 3, 2019 judgment of sentence imposing an aggregate six to twenty-three months of incarceration followed by five years of probation for theft by unlawful taking.[1] We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> Between October of 2014 and August of 2015, [Appellant] was the board president of the Wilson Junior Soccer Club (WJSC), a nonprofit organization for youth soccer in Berks County.  The

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. § 3921.  Appellant's conviction for theft by deception, 18 Pa.C.S.A. § 3922, merged for sentencing purposes.  In a companion case, Appellant pled guilty to theft of leased property, 18 Pa.C.S.A. § 3932.  The trial court imposed sentence for that offense in the same May 3, 2019 proceeding.  We review that sentence at 1362 MDA 2019.

main account of the WJSC was at the National Penn Bank. The all-volunteer board of the WJSC decided to open a second bank account at Citizens Bank for purposes of easier access to funds for WSJC expenses, specifically its fall tournament. One debit card for the Citizens Bank account was mailed to the WSJC secretary Kristin Zary who made some small purchases for the fall tournament and then turned the card over to [Appellant] and never saw it again. All the members of the board had authorization to withdraw funds for WJSC expenses at Citizens Bank. On August 3, 2015, when Jeff Blankenbiller, second vice president and organizer of the WJSC Fall Classic Tournament went to access funds, the balance appeared to be significantly lower than expected. He called the first vice president, Jim Woods, regarding his discovery, which showed a series of withdrawals of large amounts of cash in July, varying between $800 and $2,500. He alerted [Appellant] as well as Ms. Zary. Ms. Zary looked at the withdrawals and attempted to identify deposits and the specific purposes for the withdrawal. There appeared to be no explanation for WJSC expenses for many of the withdrawals. At WJSC board meetings, [Appellant] gave treasurer's reports which became increasingly vague as the withdrawals became larger and more frequent. [Appellant] systematically was transferring money from the larger National Penn account to the less secure Citizens Bank and then making withdrawals either utilizing the debit card which required no signature or without the debit card but using his signature. The teller remembered [Appellant] being the one making multiple and large withdrawals from the children's soccer account. [Appellant] met with police and acknowledged possession of the debit card and making the withdrawals but claimed they were for WJSC purposes, which were ultimately unable to be verified as legitimate. Ultimately, there were approximately 44 withdrawals ranging from $35 to $6,000 for a total of $48,789.76 taken from the WJSC account.

Trial Court Opinion, 11/27/19, at 4-5.

The jury returned a guilty verdict on February 1, 2019, after a four-day trial. In addition to the sentence described above, the trial court ordered Appellant to make $48,789.76 in restitution. Appellant filed a timely post-sentence sentence motion challenging the weight and sufficiency of the

evidence, and seeking modification of sentence. The trial court denied relief, and this timely appeal followed. On appeal, Appellant challenges the weight and sufficiency of the evidence in support of his convictions for theft by unlawful taking and theft by deception.

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

*Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796, (Pa. 2011). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012). "Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty." *Id.*

A person is guilty if theft by unlawful taking where "he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Appellant argues the Commonwealth produced insufficient evidence that Appellant took the money

and/or that he took it with intent to deprive the WJSC of money. In particular, Appellant argues the evidence against him was insufficient because, among other things, there was no video footage of his alleged teller and ATM withdrawals; the evidence of his transactions was limited to the testimony of one teller; all three of the WJSC board members were authorized to use access its bank accounts; no forensic accounting was done; Appellant's lifestyle did not change; and the Commonwealth produced no evidence of the whereabouts of the missing money. Appellant's Brief at 14.

Appellant's argument ignores two crucial components of our standard of review. First, the Commonwealth can prove its case with wholly circumstantial evidence. Second, we must view the evidence in a light most favorable to the Commonwealth as verdict winner. The evidence before us, viewed in a light most favorable to the Commonwealth, establishes that Appellant was in possession of the WJSC's debit card for its Citizens Bank account, with which Appellant could withdraw money without a signature. Kristin Zary, the WJSC's secretary, gave Appellant the card shortly after opening the account and never received it back. N.T. Trial, 1/29/19 – 2/1/19, at 193-95. James Woods and Jeffrey Blankebiller, the other board members, never had the card. *Id.* at 150-51, 193. The Citizens Bank account was opened at Appellant's suggestion so that the WJSC could pay bills more quickly during a tournament. The evidence also establishes that a Citizens Bank teller recognized Appellant as the person who repeatedly appeared at the bank to withdraw funds from the

WJSC account.  *Id.* at 310-11.  During the period of the teller's observations, large amounts of money were withdrawn from the WJSC's account that did not correspond with any WJSC expenses.  *Id.* at 195-96; 314-24.

Disbursements from the National Penn Bank account required board approval and two signatures.  *Id.* at 79, 101.  Appellant nonetheless persuaded another WJSC board member to authorize transfers from the WJSC's National Penn Bank account to its Citizens Bank account, falsely representing that these transfers had board approval.  *Id.* at 150.

Thus, the evidence establishes that Appellant had access to the WJSC's account, that he was repeatedly seen making withdrawals from the account, that his withdrawals did not correspond to any legitimate WJSC expense, and that he gave misleading accounts of the reasons for the withdrawals.  This evidence, read in a light most favorable to the Commonwealth as verdict winner, establishes that Appellant took money from the WJSC with the intent to deprive the WJSC of that money.  Thus, we reject Appellant's argument as to the sufficiency of the evidence.

Appellant also challenges the sufficiency of the evidence in support of his conviction for theft by deception.  The Pennsylvania Crimes Code defines theft by deception as follows:

> **(a) Offense defined.**--A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:
>
> (1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but

- 5 -

deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

      (2) prevents another from acquiring information which would affect his judgment of a transaction; or

      (3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

      **(b) Exception.**--The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

18 Pa.C.S.A. § 3922.

Appellant argues that the Commonwealth failed to prove he created a false impression to gain access to the WJSC's funds. "A person is guilty of theft by deception if he intentionally obtains property from another by deception. The Commonwealth must prove that the victim relied upon the false impression." *Commonwealth v. McSloy*, 751 A.2d 666, 669 (Pa. Super. 2000), *appeal denied*, 766 A.2d 1246 (Pa. 2000).

Appellant's argument for this conviction is limited to a single paragraph, in which he fails to include any supporting law or citations to the record. Appellant's Brief at 32. Therefore, he has waived his challenge to theft by deception. Pa.R.A.P. 2119(b), (c); *Commonwealth v. Hernandez*, 39 A.3d 406, 412 (Pa. Super. 2012), 63 A.3d 1244 (Pa. 2013). In any event, the record reveals that Appellant presented various National Penn Bank checks to another board member to obtain a second signature, representing that WJSC's

board had approved the check when it had not. Thus, Appellant used deception to obtain funds from the WJSC's National Penn Bank account.

For the foregoing reasons, Appellant's sufficiency of the evidence arguments fail.

Next, Appellant claims the trial court abused its discretion in denying Appellant's motion for a new trial based on the weight of the evidence.

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013) (emphasis in original).

Here, Appellant notes that the eyewitness teller did not identify specific transactions Appellant made. He also notes that the testimony of other board members was inconstant as to how the WJSC handled its financial statements. Appellant also notes that there is no evidence as to where the missing money went.

As we explained in response to Appellant's sufficiency of the evidence arguments, the Commonwealth produced a substantial body of incriminating circumstantial evidence. The Commonwealth did not need to establish what Appellant did with the money. The Commonwealth only needed to prove that he took it (in some instances under false pretenses) and did not use it for WJSC expenses. We discern no abuse of discretion in the trial court's finding that the jury's verdict was not contrary to the weight of the evidence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/13/2020