J-S10042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARL SMITH | : | |
| | : | |
| Appellant | : | No. 1996 EDA 2018 |

Appeal from the PCRA Order Entered July 10, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008870-2011

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED APRIL 22, 2019**

Appellant, Carl Smith, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no need to restate them.

Appellant raises the following issues for our review:

> DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S PCRA PETITION WITHOUT A HEARING BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST THAT THE JURY BE CHARGED AS TO INVOLUNTARY MANSLAUGHTER, APPELLANT SUFFERED PREJUDICE, AND [A] NEW TRIAL SHOULD HAVE BEEN ORDERED?
>
> DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S

_____
* Retired Senior Judge assigned to the Superior Court.

PCRA PETITION WITHOUT A HEARING BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE ADMISSION OF HEARSAY PRIOR BAD ACTS EVIDENCE WITHOUT NOTICE INCLUDING AN ALLEGED THEFT FROM THE HOME OF GIOVANNI MARQUEZ, APPELLANT SUFFERED PREJUDICE, AND [A] NEW TRIAL SHOULD HAVE BEEN ORDERED?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012); Pa.R.Crim.P. 907.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Sandy L.V. Byrd, we conclude Appellant's issues merit no relief. The PCRA court opinion

- 2 -

comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed October 5, 2018, at 3-7) (finding: **(1)** facts of case did not support jury charge on involuntary manslaughter; Appellant raised justification defense to obtain complete acquittal; involuntary manslaughter instruction could have compromised possibility of acquittal by undermining Appellant's claim of self-defense; **(2)** court properly admitted prior bad acts evidence of Appellant's fist fight with Victim and theft of laptop, to show motive; Commonwealth provided notice of intent to introduce prior bad acts evidence by including it in affidavit of probable cause and discovery materials; prior bad acts evidence also placed Victim in poor light; further, Commonwealth presented overwhelming evidence against Appellant, who cannot establish prejudice from admission of prior bad acts evidence; Appellant presented no claim of arguable merit and was not entitled to PCRA hearing). The record supports the reasoning of the PCRA court. Accordingly, we affirm based on the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/19

- 3 -

FILED

2010 OCT -5 PM 2: 52

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION**

COMMONWEALTH OF PENNSYLVANIA    :    CP-51-CR-0008870-2011

                :

v.                :    CP-51-CR-0008870-2011 Comm. v. Smith, Carl
Opinion

                :

CARL SMITH         :

8172955401

## OPINION

Byrd, J.                        October 5, 2018

On March 25, 2013, a jury sitting before the Honorable Lillian Ransom convicted Carl Smith of first degree murder, possessing an instrument of crime and two violations of the Uniform Firearms Act. Thereafter, Smith was found guilty of violating section 6105 of the Uniform Firearms Act by Judge Ransom following a bench trial. Smith was sentenced to a mandatory term of life imprisonment without the possibility of parole. Smith filed a post-sentence motion which was denied by operation of law on July 29, 2013. He filed a notice of appeal, and on September 16, 2014, the Superior Court affirmed his judgment of sentence. On May 13, 2015, Smith's petition for allowance of appeal was denied by the Supreme Court. The United States Supreme Court denied certiorari on October 5, 2015.

Petitioner filed a *pro se* petition under the Post Conviction Relief Act (PCRA) on September 30, 2016. Appointed counsel filed an amended petition on October 31, 2017, and the matter was assigned to this court following Judge Ransom's appointment to the Superior Court. This court issued a notice of intent to dismiss the petition, pursuant to Pennsylvania Rule of Criminal Procedure 907, on June 8, 2018. The petition was formally dismissed on July 10, 2018,

1

and petitioner filed a notice of appeal that day. On July 12, 2018, this court ordered petitioner to file a statement of *errors* complained of on appeal. Petitioner filed his statement on July 17, 2018.

## STATEMENT OF FACTS

The following facts are reproduced from the trial court's December 24, 2013 opinion:

These charges arose out of a shooting that occurred on June 17, 2011, in the 5100 block of C Street in Philadelphia. Prior to that day, Appellant had taken a laptop from the decedent, John Claude ("Claude"), also known as "Mo".1 Claude and his brother, Evan Claude ("Evan") met Appellant at Appellant's house on or about June 14, 2011. Claude told Appellant that he wanted his laptop back and a fight ensued between Appellant and Claude. Claude got the upper hand in the fight and beat up Appellant before Evan separated Appellant and Claude.

On June 17, 2011, in the evening, Claude, Evan, and Appellant met again. Claude and Evan were in a car rented by Evan, when they saw Appellant with a handgun. Evan drove down the alley, away from Appellant, and then Claude told Evan to stop the car. Claude got out of the car and told Appellant to put the gun down and fight him. Appellant fired the gun and Claude turned to run down the alley. Appellant fired three (3) times at Claude. Evan ducked to avoid the gunfire and saw Claude fall to the ground as he was struck by a bullet in the back of his head. The bullet exited the front of Claude's skull and blew out the front of Claude's face on the right side. Evan drove around the corner to park and returned moments later to find Claude on the ground. Neighbors who witnessed the incident called 911 while Evans stayed with Claude.

At approximately 5:25 p.m., Police Officer Christopher Smith ("Officer Smith") and his partner, Officer Gruger, received a radio call stating there was a person with a gun at C & Albanus Streets. Officers Smith and Gruger arrived to the scene approximately 2 minutes later and noticed a crowd of approximately thirty (30) people. Officer Smith noticed a black male, later identified as Claude, lying on the ground in a large pool of blood with what appeared to be a gunshot wound to the head. Officer Smith described the wound as a "small softball or wiffleball" sized hole on the right side near the eye. Officer Gruger told Officer Smith that Claude appeared to be breathing so they called over the radio to inform other officers that they were transporting Claude to the hospital in their police car. Officers Smith and Gruger transported Claude to the nearest hospital, Einstein Medical Center. Claude was pronounced dead at 5:42 p.m. on June 17, 2011.

Based on witness information, an arrest warrant for Appellant was secured by Philadelphia Police Detective Charles Grebolski ("Detective Grebolski") on June 21, 2011. At approximately 8:30 that evening, Detective Grebolski received information that Appellant was on a bus headed to Macon, Georgia. U.S. Marshalls were contacted and they arrested a black male at the bus terminal in Georgia who matched Appellant's description. The male initially gave a false name of Malik

Brown but a photo provided by Philadelphia Police revealed he was in fact, Appellant Carl Smith.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Petitioner raised the following issues in his statement of matters complained of on appeal[1]:

1. The PCRA court erred in dismissing Appellant's PCRA Petition without a hearing because trial counsel was ineffective for failing to request that the jury be charged as to Involuntary Manslaughter, Appellant suffered prejudice, and new trial should have been ordered. Am. PCRA Pet., at 4-7.
2. The PCRA court erred in dismissing Appellant's PCRA Petition without a hearing because trial counsel was ineffective for failing to object to the admission of hearsay Prior Bad Acts evidence without Notice including an alleged theft from the home of Giovanni Marquez, Appellant suffered prejudice, and new trial should have been ordered. Am. PCRA Pet., at 8-9.

## DISCUSSION

The Post Conviction Relief Act affords collateral relief to those individuals convicted of crimes they did not commit and to those individuals serving illegal sentences. 42 Pa. C.S. §9542. Claims pursuant to the PCRA are extraordinary assertions that the judicial system failed; they are not merely direct appeal claims that are made at a later stage of the judicial proceedings. *Commonwealth v. Rivers*, 786 A.2d 923 (Pa. 2001). A petitioner is entitled to file all PCRA petitions, including second and subsequent petitions within one (1) year from the date his judgment of sentence becomes final. 42 Pa. C.S. §9545(b)(1); 42 Pa. C.S. §9545(b)(3). A petitioner is eligible for relief under the PCRA if he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa. C.S. §9543(a)(2) (setting forth the eligibility requirements of the PCRA). *Commonwealth v. Ligons*, 971 A.2d 1125 (Pa. 2009).

A petitioner may be entitled to relief under the PCRA if he is able to plead and prove that a conviction or sentence resulted from ineffective assistance of counsel which, in the

---

[1] The following is a verbatim account of petitioner's Statement.

3

circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa. C.S. §9543(a)(2)(ii). It is the ineffectiveness claim, not the underlying error at trial, which is reviewed. *See Commonwealth v. Clayton*, 816 A.2d 217 (Pa. 2002). Under the PCRA, an allegation of ineffective assistance of counsel amounts to constitutional malpractice where counsel's incompetence deprived a defendant of his Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Williams*, 782 A.2d 517 (Pa. 2001).

The law presumes that counsel was effective, and the petitioner carries the burden of proving otherwise. *Commonwealth v. Baker*, 614 A.2d 663, 673 (Pa. 1992). To prevail on an ineffective assistance of counsel claim, a three-pronged test must be satisfied: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). Furthermore, counsel's choices cannot be evaluated in hindsight, but rather should be examined in light of the circumstances at that time. *See Commonwealth v. Hardcastle*, 701 A.2d 541 (Pa. 1997). Even if there was no reasonable basis for counsel's course of conduct, a petitioner is not entitled to relief if he fails to demonstrate prejudice. *See Commonwealth v. Douglas*, 645 A.2d 226 (Pa. 1994).

As the court held in *Commonwealth v. Fisher*, 813 A.2d 761, 767 (Pa. 2002), "[s]peculation by hindsight that a different strategy might possibly have been successful is not the test which establishes ineffectiveness of counsel." In *Strickland v. Washington*, 466 U.S. 668, 689 (1984), the United States Supreme Court instructed that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the

4

circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

Additionally, "where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998). The Court has further declared that "[a] chosen strategy will not be found to have lacked a reasonable basis unless it is proven 'that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (quoting *Howard*, 719 A.2d at 237). Indeed, "a claim of ineffectiveness will not succeed by comparing, in hindsight, the trial strategy trial counsel actually employed with the alternatives foregone." *Commonwealth v. Miller*, 987 A.2d 638, 653 (Pa. 2009).

Petitioner raises two claims of ineffective assistance of counsel. First, petitioner claims that he suffered prejudice because trial counsel was ineffective for failing to request the jury be charged on involuntary manslaughter. Here, there was no reasonable basis for an involuntary manslaughter charge. A defendant commits involuntary manslaughter when he directly causes the death of another person by reckless or grossly negligent conduct. 18 Pa. C.S.A. § 2504. At trial, petitioner testified that he fired because he saw the victim approaching him armed with a firearm. N.T., 3/20/13 at 175-178. Thus, the facts in this case did not support a jury instruction on involuntary manslaughter. *Commonwealth v. Fletcher*, 986 A.2d 759, 791 (Pa. 2009). Further, trial counsel had a reasonable basis for not requesting an involuntary manslaughter charge. At trial, petitioner raised the defense of justification, and a jury charge on involuntary manslaughter would have undermined the self-defense claim, and reduced the chance of an outright acquittal. Where counsel has a reasonable basis for his actions, counsel cannot be ineffective. *Commonwealth v. Farmer*,

5

758 A.2d 173 (Pa. Super. 2000) (Internal citations omitted). Indeed, seeking a complete acquittal does not constitute ineffective assistance unless "no competent lawyer" would have chosen that course. *Id.* Such is not the case here. Thus, petitioner having failed to satisfy the three prongs of the test to show prejudice, this claim is meritless. *See Pierce*, 527 A.2d at 973.

Next, petitioner claims trial counsel was ineffective for failing to object to the admission of prior bad acts evidence. The evidence petitioner contends trial counsel should have objected to is the testimony of decedent's brother concerning a fist fight he and decedent had with petitioner stemming from the theft of a laptop, after which petitioner stole more items from decedent and his brother in retaliation. N.T., 3/19/13 at 185-190. The Pennsylvania Rules of Evidence provide:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
> (3) Notice in a Criminal Case. In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa. R.E., Rule 404. Here, the evidence was properly admitted, not to show defendant's propensity to commit crime, but as evidence of motive, which is a permissible use of prior bad acts evidence.

Despite petitioner's contention, the Commonwealth provided notice by including this evidence in the affidavit of probable cause as well as in the discovery materials. Additionally, trial counsel's strategic decision not to object to this evidence had a reasonable basis. The prior bad acts evidence placed the victim in a poor light, which this court concluded was a reasonable basis for not objecting to the evidence. N.T., 6/8/2018 at 9. Furthermore, petitioner has failed to prove

6

prejudice. The Commonwealth's case against him was overwhelming, and even without the prior bad acts evidence, the same verdict would have resulted.

Finally, petitioner's argument that he is entitled to an evidentiary hearing to adjudicate his ineffective assistance of counsel claims is baseless. A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, and only receives one if there are genuine issues of arguable merit. *Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012); *see also* Pa.R.Crim.P. Rule 907 ("If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.") Here, petitioner did not raise a single claim of arguable merit.

Accordingly, for the foregoing reasons the dismissal of the PCRA petition should be AFFIRMED.

BY THE COURT:

_____

SANDY L.V. BYRD        J.

7